UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MACK WHIGHAM,

    Petitioner,

v.

S. HATTON, Acting Warden,

    Respondent.

Case No. 16-cv-06303-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Petitioner Mack Whigham, an inmate currently incarcerated at the California Training Facility, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 8. Petitioner filed an opposition, and Respondent filed a reply. Dkts. 11, 12.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## II. BACKGROUND

On August 20, 1998, Petitioner pleaded no contest to second degree murder and admitted one prior serious felony conviction in the Contra Costa County Superior Court. Resp't Ex. A at 009-010, 018-022; *see* Cal. Penal Code §§ 187, 189, 667(a).

On October 2, 1998, the trial court sentenced Petitioner to twenty years to life in prison. Resp't Ex. A at 023-024; *see* Cal. Penal Code §§ 190(a), 667(a)(1).

Petitioner did not appeal his conviction, but he sought collateral review, as explained below.

On June 26, 2015, the United State Supreme Court issued its decision in *Johnson v. United States*,—— U.S. ——, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the federal

Armed Career Criminal Act's ("ACCA's") definition of "violent felony" violated the Due Process Clause, because it was unconstitutionally vague. *See id.* at 2555-56.

At some point after June 26, 2015,[1] Petitioner filed a petition for writ of habeas corpus in the Contra Costa County Superior Court, contending that pursuant to *Johnson*, his conviction for second degree murder was void for vagueness. *See* Resp't Ex. A at 054. On February 26, 2016, the state superior court denied the petition, stating as follows:

> The court has carefully read and considered petitioner's claim and now denies same for the following reasons: *Johnson* was concerned with an increased sentence under the federal Armed Career Criminal Act's residual clause, 18 U.S.C. section 924(e)(2)(B), where the wide-ranging inquiry required by the residual clause denied defendant of fair notice and invited arbitrary enforcement. Petitioner's conviction, on the other hand, arose on the basis of California Penal Code sections 187-189, which defines first and second degree murder and express and implied malice. In a word, the *Johnson* case has no application to petitioner's case and his conviction of second degree murder.

*Id.* at 054-055.

On June 20, 2016, Petitioner filed a state habeas petition in the California Court of Appeal. Resp't Ex. B. On June 23, 2016, that state appellate court denied the petition. *Id.*

On July 13, 2016, Petitioner filed a state habeas petition in the California Supreme Court. Resp't Ex. C. On August 31, 2016, that state supreme court denied the petition. *Id.*

On October 23, 2016,[2] Petitioner filed the instant petition, in which he raises the same claim he raised in his state habeas petitions. Dkt. 1. at 11-17.

**III. DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on

---

[1] The Court is unable to determine the exact date Petitioner filed his state superior court petition because the record does not contain a copy of this filing. *See* Resp't Ex. A.

[2] According to the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). The Court assumes that Petitioner delivered his federal petition to prison officials on the same date that petition was signed. *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995) (petitioner assumes risk of proving date of mailing).

petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), o*verruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002); *see also* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

In the present case, the statute of limitations started running on December 1, 1998, when Petitioner's sentence became final sixty days after October 2, 1998, the date of sentencing. *See* § 2244(d)(1)(A); Cal. R. Ct. 8.308(a). Thus, Petitioner had until December 1, 1999 (one year later) to file his federal habeas petition. Because Petitioner did not file the present petition until October 23, 2016—almost seventeen years after the limitations period expired—the petition is untimely unless he can show that he is entitled to tolling or a delayed commencement of the limitations period.

### A. Statutory tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, the record shows that Petitioner sought collateral review in state courts in 2015 and 2016. However, as mentioned above, the one-year limitations period expired on December 1, 1999. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can serve only to pause a clock that has not yet fully run. Once the limitations period expires, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed in 2015 and 2016 do not revive the limitations period that already has run. Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period.

### B. Delayed Commencement of the Limitations Period

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C), or (D) of section 2244(d)(1). Here, Petitioner does not present any evidence or argument suggesting there existed unconstitutional state action that created an impediment to his filing the petition. *See* 28 U.S.C. § 2244(d)(1)(B). Moreover, he does not argue that he could not have discovered the factual basis for his claims despite due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). However, Petitioner alleges that he is entitled to a delayed

commencement of the limitations period under subheading (C), "the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In interpreting 28 U.S.C. § 2255(f)(3), an analogous provision for federal prisoners seeking to file under 28 U.S.C. § 2255, the Supreme Court has held that the one-year limitation period begins to run on the date on which the Supreme Court recognized the new right being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

Here, Petitioner cites to *Johnson v. United States*, as a case where the Supreme Court recognized a new rule that triggers a delayed commencement of the limitations period. Dkt. 1 at 5-6. Thus, Petitioner argues that his petition is not time-barred because the limitations period would have commenced on the date *Johnson* was issued, June 26, 2015.

Although the Supreme Court has made the rule in *Johnson* retroactive to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), it does not apply to this case. As explained above, in *Johnson*, the Supreme Court held unconstitutionally vague the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), a federal criminal statute. *See* 135 S. Ct. at 2555-56. Specifically, the Supreme Court explained that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

However, the *Johnson* decision is irrelevant here, because Petitioner's state prison sentence was neither enhanced under ACCA's "residual clause" nor was his conviction based on any state analogue of that federal criminal statute. Rather, Petitioner was convicted of second degree murder. *See* Resp't Ex. A at 009-010, 018-022. Therefore, just as the state superior court previously found in denying Petitioner's state habeas petition, *see id.* at 054, this Court also finds that *Johnson* has no application to his case and his conviction of second degree murder. Said differently, *Johnson* created no new due process right applicable to Petitioner.

In sum, Petitioner is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(C), and the limitations period did not begin to run when the Supreme Court issued *Johnson* in 2015, but rather on the date when the judgment of conviction became

5

final on December 1, 1998. Therefore, because Petitioner did not file the present petition until October 23, 2016—almost seventeen years after the limitations period expired on December 1, 1999—the petition is untimely unless he can show he is entitled to equitable tolling.

**C. Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable in most cases, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness . . . and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted).

Here, Petitioner has not alleged that he is entitled to equitable tolling. Thus, nothing currently in the record suggests the possibility of equitable tolling. Even in his petition, Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances that were beyond his control and that made it impossible to file a timely federal petition. It was Petitioner's delay in pursuing his state court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. *See Miranda*, 292 F.3d at 1065. The limitations period will not be equitably tolled.

Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).

## IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## V. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely (dkt. 8) is GRANTED, and this action is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall terminate all pending motions and close the file.

4. This Order terminates Docket No. 8.

IT IS SO ORDERED.

Dated: August 7, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge